UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCES CLAIRMONT,<br><br>    Plaintiff,<br><br>    v.<br><br>GENUITY INC., *et al.*,<br><br>    Defendants. | Case No. C02-1876L<br><br>ORDER REGARDING MOTION<br>FOR RECONSIDERATION |
| FRANCES CLAIRMONT,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL A. O'BRIEN,<br><br>    Defendant. | |

On March 24, 2005, this Court issued an order granting the motions for summary judgment filed by individual defendants Ron Henderson, Robert Hayes, Lynne Stewart, James Freeze, and Paul Gudonis. See Order Granting Motion for Summary Judgment (Dkt. #125) (the "Order"). Pursuant to Local CR 7(h)(2), Clairmont promptly filed a motion for reconsideration

ORDER REGARDING MOTION
FOR RECONSIDERATION - 1

(Dkt. #131).[1]

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h). Plaintiff has presented new documents; however, with the exception of the deposition of Martin Mahoney II, taken after the Court issued the Order, she has not shown that she could not have presented the new documents earlier. The provided pages of Mr. Mahoney's deposition do not provide any new facts. Finally, the parties have presented new evidence and arguments regarding Genuity's Arbor Billings database. Because the parties have not shown that the information could not have been presented earlier, the Court does not consider it.[2]

**A.     Alleged Legal Errors.**

Plaintiff contends that the Court applied incorrect legal standards. Plaintiff argues that the statute only requires her to show that defendants withheld wages they were obligated to pay. Plaintiff's Response at 2. The Order, however, properly applied the plain language of the statute in requiring that plaintiff show that defendants "willfully" withheld her wages. Next, plaintiff argues that the Court applied a "substantial evidence" test. The Court's Order, however, explicitly set forth and applied the correct summary judgment standard, and did not require that plaintiff produce substantial evidence to avoid summary judgment. Plaintiff also alleges that the Court required her to "prove that the Defendants knew that her requests for payment fell within

---

[1] The Court requested that defendants file a response to the motion for reconsideration. Plaintiff then moved for permission to file a response to the response because, she alleged, defendants asserted new facts and legal arguments. After reviewing the parties' filings, the Court GRANTS plaintiff's request to file a response (Dkt. #139) and considers plaintiff's response to the extent that it relates to defendants' new assertions.

[2] Plaintiff also provided "new" information about defendants' insurance, which is plainly improper under Federal Evidence Rule 411.

ORDER REGARDING MOTION
FOR RECONSIDERATION - 2

the terms of the Plan." Plaintiff's Reply at 2 (emphasis in original).  Neither the cited portion of the Order, nor any portion, requires what plaintiff alleges.

Plaintiff further argues that the Court found that the relevant statutes apply solely to claims for "quantified and undisputed" amounts.  The Order cited the Ninth Circuit case which used the "quantified and undisputed" language solely for the proposition that "[a]bsent some evidence that the individuals knew or believed that the payments were owing, they could not have *willfully* withheld the payments." See Order at p. 8.  The Order also stated that "to survive a motion for summary judgment, plaintiff must provide at least some affirmative evidence of intent to deprive her of wages." See Order at p. 14 (citing Pope v. Univ. of Washington, 121 Wn.2d 479, 491 n.4 (1994) ("Affirmative evidence of intent to deprive an employee of wages, however, is necessary to establish liability under RCW 49.52.050"); Brinson v. Linda Rose Jt. Venture, 53 F.3d 1044, 1050 (1995) (conclusory statements of intent insufficient to survive motion for summary judgment)).  Plaintiff has not shown that the Court erred in requiring some affirmative evidence of wilfulness.

## B.     Alleged Factual Errors.

Plaintiff contends that the Order contained a number of factual errors.  However, plaintiff's claimed errors are based on a misreading of the plain language of the Order.  For example, plaintiff alleges that the Court concluded that Stewart, and by implication the Committee, did not learn of her compensation claims until April 2002,[3] but the Order explicitly noted that plaintiff's compensation issues were raised to the Committee beginning in December 2001.  Similarly, plaintiff argues that the Court erred in finding that she was not owed billing value commissions, but no such finding was made.

Moreover, plaintiff's allegations regarding whether or not she was actually owed

---

[3] In support, plaintiff refers to a brief section in the Order which addressed plaintiff's claim that Stewart repeatedly asked for the same information; the Order noted that Stewart did not receive the specific information contained in an e-mail until April 2002.

ORDER REGARDING MOTION
FOR RECONSIDERATION - 3

payments do not demonstrate manifest error. Even if plaintiff was entitled to payments *by Genuity*, that fact does not mean that the individual defendants believed she was entitled to the payments but willfully withheld them.

Plaintiff further argues that the Court erred in granting summary judgment despite her allegation that defendants failed to reasonably investigate her compensation claims. Plaintiff cites no authority supporting her new contention that defendants can be individually liable for wage withholding if they fail to "reasonably" investigate another employee's wage dispute. Plaintiff alleges that Allstot v. Edwards, 114 Wn. App. 625 (2002) requires a reasonable investigation. The Allstot case is not new law and was expressly considered and cited in the Order. As set forth more fully in the Order, Allstot does not support plaintiff's claim because the defendant acknowledged that some wages were owed, yet refused to pay the employee any of the disputed amount.

Although plaintiff contends that the Court found a bona fide dispute based simply on defendants' assertions that plaintiff was paid all earned wages, the Court applied the correct standard that a "bona fide dispute is one that is 'fairly debatable' over whether a portion of the wages must be paid." See Order at p. 8 (citing Allstot, 114 Wn. App. at 634). In arguing that there was no bona fide dispute, plaintiff continues to ignore the fact that supervisors promptly informed her that she was not entitled to the disputed commissions. The individual defendants became involved only once she appealed the issue to the Committee. As set forth more fully in the Order, plaintiff's allegation that the individual defendants did not do enough or act quickly enough to override the decisions of her supervisors is, at most, indicative of carelessness rather than intent to deprive her of owed wages. See, e.g., Pope, 121 Wn.2d at 491 n.4 ("Lack of intent may be established either by a finding of carelessness or by the existence of a bona fide dispute"). The Court did not err in refusing to apply a negligence-type standard under the wage withholding statutes.

Next, plaintiff argues that the Court erred in finding no evidence that she raised the

ORDER REGARDING MOTION
FOR RECONSIDERATION - 4

1  proration of points and Verizon teaming credit issues to the Committee. None of the documents
2  plaintiff references, however, shows that she raised the claims to the Committee. Even if she
3  had, no manifest error occurred because plaintiff presented no evidence that the Committee
4  believed the payments were owed but intentionally withheld them.

5       In addition to the wilfulness issue, plaintiff argues two additional points, both of which
6  are dispositive of her claim. Plaintiff argues that the Court erred in concluding that Hayes,
7  Henderson, and Stewart lacked the individual authority to approve or deny her request. Plaintiff
8  presents the same arguments she made in the underlying motion, and she has not shown manifest
9  error. Finally, plaintiff argues that the Court erred in finding that the Committee never reached a
10 decision regarding her claims. Plaintiff argues that the Court should have found an
11 inconsistency, evidencing wilfulness, in defendants' arguments that the Committee never
12 reached a decision, but the individual defendants personally believed that she was not entitled to
13 additional compensation. Plaintiff's argument does not present an inconsistency or demonstrate
14 manifest error.

15      In sum, plaintiff was required to show at least some affirmative evidence of intent to
16 withhold wages, yet she failed to do so. For all of the foregoing reasons, plaintiff's motion for
17 reconsideration (Dkt. #131) is DENIED.

19      DATED this 12th day of May, 2005.

                        */s/ Robert S. Lasnik*
                        Robert S. Lasnik
                        United States District Judge

ORDER REGARDING MOTION
FOR RECONSIDERATION - 5