UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCES CLAIRMONT,

　　　　Plaintiff,

　　v.

GENUITY INC., *et al.*,

　　　　Defendants.

FRANCES CLAIRMONT,

　　　　Plaintiff,

　　v.

PAUL A. O'BRIEN,

　　　　Defendant.

Case No. C02-1876L

ORDER DENYING MOTION
FOR ENTRY OF JUDGMENT
AND STAY PENDING APPEAL

## I. INTRODUCTION

This matter comes before the Court on a motion filed by plaintiff Frances Clairmont for entry of judgment following the Court's order granting the individual defendants' motion for

ORDER DENYING MOTION
FOR ENTRY OF JUDGMENT
AND STAY PENDING APPEAL - 1

summary judgment.[1]  Plaintiff also seeks a stay of her remaining claim against defendant Paul O'Brien pending resolution of her appeal. (Dkt. #154).

For the reasons set forth in this Order, the Court denies the motion in its entirety.

## II.  DISCUSSION

**A.      Procedural Background.**

The background facts are set forth in detail in this Court's March 24 and June 20, 2005 orders regarding the defendants' motions for summary judgment and will not be repeated here. (Dkt. ##125, 153).  Instead, a brief recitation of the procedural background is appropriate.

Plaintiff filed this action in King County Superior Court in July 2002; the individual defendants subsequently removed the case to this Court.  Over two years later and after the deadline to join additional parties had passed, plaintiff filed suit against O'Brien in October 2004, then moved to consolidate that case with her case against the individual defendants. Although the Court found that plaintiff's delay in suing O'Brien was egregious and would delay resolution, it granted the motion to consolidate because the actions involved common questions of law and fact, and the interests of judicial economy would be served by consolidation.  See Fed. R. Civ. P. 42(a).

On March 24, 2005, the Court granted the individual defendants' motion for summary judgment, and denied plaintiff's motion for reconsideration.  (Dkt. ##125, 150).  Meanwhile, O'Brien moved for summary judgment.  The Court granted the motion in part and denied it in part, allowing Clairmont to pursue her claim that O'Brien wilfully denied her billings value commissions for the Microsoft WebTV Dial deal for August, September, and October 2001. (Dkt. 153).

---

[1] The "individual defendants" are former Genuity employees Ron Henderson, Robert Hayes, Lynne Stewart, Paul Gudonis and James Freeze.

B.   **Analysis.**

The Supreme Court has outlined the steps a district court must follow in making determinations under Rule 54(b). "A district court must first determine that it is dealing with a 'final judgment.' It must be a . . . decision upon a cognizable claim for relief, and it must be . . . 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). In this case, the Court has made a final determination regarding plaintiff's claims against the individual defendants.

After the district court has found finality, it must determine, in its sound judicial discretion, if there is any just reason for delay. Curtiss-Wright, 446 U.S. at 8. The district court must "take into account judicial administrative interests as well as the equities involved." Id. This inquiry is necessary in order to "preserve the historic federal policy against piecemeal appeals." Sears, 351 U.S. at 438. District courts should consider factors including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once." Curtiss-Wright, 446 U.S. at 8.

In this case, plaintiff's claims against the individual defendants and O'Brien are based on the same facts and legal issues regarding whether they wrongfully withheld commissions based on order value, billings value, and other categories. Indeed, plaintiff stressed the commonalities when she moved for consolidation of the two cases. For this reason, an appellate court would have to decide the same legal and factual issues twice and entry of judgment would be inappropriate.[2] See, e.g., Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc., 776 F.2d 1414,

---

[2] Plaintiff stresses that if she is successful in her appeal, two trials will be conducted, resulting in the waste of judicial resources. While that outcome is possible, it is *certain* that two appeals would occur if the Court granted plaintiff's motion, leading to "piecemeal appeals." Sears, 351 U.S. at 438.

ORDER DENYING MOTION
FOR ENTRY OF JUDGMENT
AND STAY PENDING APPEAL - 3

1416 (9th Cir. 1985) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule") (internal citation and quotation omitted).

Moreover, plaintiff has not shown that there is no just reason for delay or that the Court, in its discretion, should stay the pending case against O'Brien.  Plaintiff argues that she will be burdened by having to proceed with discovery by O'Brien.  However, discovery would be necessary even if she ultimately prevails in her appeal against the individual defendants.  Furthermore, when the Court granted plaintiff's motion to consolidate, it expressly noted that doing so would result in some duplication of discovery efforts because of plaintiff's lengthy delay in suing him.  Plaintiff cannot now bemoan the predictable results of her own litigation tactics.  Also, plaintiff ignores the fact that O'Brien has a strong interest in the prompt resolution of the claim against him.  A stay would result in a potentially lengthy delay of that resolution.  Finally, plaintiff argues that the monetary value of her remaining claim against O'Brien is small compared to the value of her claims against the individual defendants.  Although plaintiff's desire to expeditiously pursue her highest value claim is understandable, that factor does not outweigh the delay in resolution for O'Brien and the resulting piecemeal appeals.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for entry of judgment and stay pending appeal (Dkt. #154).

DATED this 29th day of July, 2005.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR ENTRY OF JUDGMENT
AND STAY PENDING APPEAL - 4